UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL JAMES KLOPF, | ) )  ) |
| Plaintiff *pro se*, | ) ) |
| v. | ) Civil Action No.: 07-2246 (RCL) ) |
| FEDERAL BUREAU OF PRISONS, | ) ) |
| Defendant. | ) ) ) |

### DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant, Federal Bureau of Prisons ("BOP"), by and through undersigned counsel, respectfully moves the Court, pursuant to Fed. R. Civ. P. 60(c) to set aside the entry of default entered by the Court Clerk on June 12, 2008, and, pursuant to Fed. R. Civ. P. 6, for an extension of time to respond to Plaintiff's complaint.

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support and Declaration of Cynthia R. Parker attached hereto. A proposed order is also attached.[1]

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[1] LCvR 7(m) is not applicable to this motion because Plaintiff is a prisoner who is proceeding *pro se.*

      /s/ _____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copies of the foregoing Motion To Set Aside Entry of Default and for Enlargement of Time to File Response to Plaintiff's Complaint, Memorandum of Points and Authorities in Support, and proposed order were mailed, postage pre-paid, to Michael James Klopf, Plaintiff *pro se*, on this 13th day of June, 2008, to the following address:

Michael James Klopf
R26218-004
Lexington Federal Medical Center
Inmate Mail/Parcels
P.O. Box 14500
Lexington, Kentucky 40512

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　JUDITH A. KIDWELL
　　　　　　　　　　　　　　　　　ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL JAMES KLOPF, )<br>)<br>Plaintiff *pro se*, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 07-2246 (RCL) |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO SET ASIDE ENTRY
OF DEFAULT AND FOR AN ENLARGEMENT OF TIME
TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT

**Background**

Plaintiff filed this action on December 13, 2007, seeking declaratory and injunctive relief against the Federal Bureau of Prisons ("BOP") for alleged constitutional violations. The record shows that on that same date, summonses were issued for the BOP, the United States Attorney General, and the United States Attorney for the District of Columbia. *See* Docket No. 1. On December 26, 2007, Plaintiff filed an affidavit of proof of service, although the record indicates that the return receipt cards did not show "the defendants' or their agents' signatures nor [do] they list a date of receipt." *See* Docket No. 2. On March 3, 2008, return of service affidavits for BOP and the Attorney General were filed in the record. *See* Docket No. 4. On that same date, a return of service affidavit was filed indicating that the U.S. Attorney had been served on January 2, 2008. *See* Docket No. 5.

On May 1, 2008, along with attachments, Plaintiff filed a request for entry of default

("Request") against BOP. *See* Docket No. 6. The Court Clerk entered default against BOP on June 12, 2008. *See* Docket No. 7.

## II. ARGUMENT

### A. THE U.S. ATTORNEY NEVER RECEIVED SERVICE

In his Request, Plaintiff asserted that the U.S. Attorney had been served on January 2, 2008, yet had failed to file an answer. Request ¶¶ 4, 5. Plaintiff attached certified mail return receipts with his Request purportedly showing that he had served BOP, the Attorney General, and the United States Attorney for the District of Columbia ("USADC"). *See* Request, Document 5, p. 2. However, the receipts for both the Attorney General and the USADC indicate that they were signed by the same individual. *Id*.

>Pursuant to Fed. R. Civ. P. 4(i)(1), service upon the United States must be effected by:
>
>deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or [by] send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

Fed. R. Civ. P. (4)(i)(1)(A). Pursuant to Fed. R. Civ. P. 4(i)(1)(B), Plaintiff also must send a copy of the summons and of the complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." "Unless service is waived, proof of service must be made to the court" and "proof must be by the server's affidavit." Fed. R. Civ. P. 4(l).

'[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.' " *Wilson v. Prudential Financial*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004) (quoting *Light v. Wolf*,

816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted)). Fed. R. Civ. P. 4(i)(l) "requires that service on an officer of the United States be effected by serving the United States Attorney for the district in which the action is brought, as well as, the Attorney General." *Nix v. Hoke*, 62 F. Supp. 2d 110, 117 (D.D.C. 1999).

As reflected in the attached Declaration of Cynthia R. Parker, the Summons and Complaint Service Book of the Civil Division of the Office of the U.S. Attorney for the District of Columbia indicates that the Civil Process Clerk at the USADC did not receive the service copy of the summons and Complaint.[1] *See* Declaration of Cynthia R. Parker ¶ 3. Accordingly, the Court should set aside the entry of default against Defendant BOP.

### B. IF ENTRY OF DEFAULT IS SET ASIDE, DEFENDANT NEEDS ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

In the event that Defendant's motion is granted, Defendant requests an enlargement of time until and including July 31, 2008, to respond to Plaintiff's complaint. Defendant needs this additional time to coordinate with undersigned counsel in order to prepare a response to Plaintiff's complaint. Accordingly, Defendant requests that its motion for an enlargement of time to respond to Plaintiff's complaint be granted.

### Conclusion

WHEREFORE, for the reasons stated above, Defendant BOP requests that this motion to set aside entry of default be granted, and that Defendant be given an enlargement of time, until

---

[1] Notably, Plaintiff's receipt shows an address of "501 3rd Street, N.W., instead of 555 4th Street, N.W., the correct mailing address of the USADC. Defendant presumes that the summons was forwarded to the mail room for the U.S. Department of Justice on Pennsylvania Avenue, N.W., where it was signed for by Mr. Parker, but not forwarded to the USADC. Mr. Parker is the supervisor for the Main Department of Justice's mail room; he is not an employee of the USADC.

and including July 31, 2008, to respond to Plaintiff's complaint.

                                        Respectfully submitted,

                                        /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                        /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


                                        /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL JAMES KLOPF,** ) | |
| ) | |
| Plaintiff *pro se*, ) | |
| ) | |
| v. ) | Civil Action No.: 07-2246 (RCL) |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

UPON CONSIDERATION OF Defendant's motion to set aside entry of default and for an enlargement of time to respond to Plaintiff's complaint, any opposition thereto, and the entire record, it is this _____ day of June, 2008,

ORDERED, that Defendant's motion to set aside entry of default and for an enlargement of time to respond to Plaintiff's complaint is GRANTED; and it is

FURTHER ORDERED, that the Clerk of the Court shall set aside the entry of default entered on June 12, 2008; and it is

FURTHER ORDERED, that Defendant shall have until and including July 31, 2008, to file a response to the complaint herein.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel by ECF

Michael James Klopf
R26218-004
Lexington Federal Medical Center
Inmate Mail/Parcels
P.O. Box 14500
Lexington, Kentucky 40512

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL JAMES KLOPF,** | ) | |
| | ) | |
| Plaintiff *pro se*, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-2246 (RCL) |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### DECLARATION OF CYNTHIA R. PARKER

I, Cynthia R. Parker, do hereby depose and state that:

1. I am a Paralegal Specialist in the Civil Division of the United States Attorney's Office for the District of Columbia ("U.S. Attorney's Office"). I have held this position since September, 1999.

2. I am authorized to receive service of process in civil cases for the U.S. Attorney's Office. The procedure used in this office for recording receipt of process is for the civil process clerk to stamp the summons with a date stamp upon receipt and to record the name of the case and the civil action number in the Civil Division's "Summons and Complaint Service Book."

3. A review of the file in the above-referenced case indicates that Plaintiff filed his complaint on December 13, 2007. I have reviewed the Summons and Complaint Book from that date through today's date to ascertain whether the summons and complaint in this case have been served on this office. I have determined from my review that there is no entry in the Summons and Complaint Book indicating

      service on this office for this case at any time from December 13, 2007, through

      today's date.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of June, 2008.

                                                           /s/_____
                                              CYNTHIA R. PARKER