UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL JAMES KLOPF,                CIVIL ACTION NO. 07-2246(RCL)

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

_____/


**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION
TO SET ASIDE ENTRY OF DEFAULT AND FOR ENLARGEMENT
OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT**

    The Plaintiff, MICHAEL JAMES KLOPF, pro se, hereby objects to DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT. In support of this objection, the Plaintiff states the following grounds and facts:

1. Plaintiff's complaint against the Defendant was filed on December 13th, 2007, and subsequently entered on December 14th, 2007 (See Docket Entry #1).

2. A summons (3) was issued by the Clerk of this Court as to Defendant Federal Bureau of Prisons, the U.S. Attorney for the District of Columbia, and the Attorney General of the United States on December 13th, 2007, and subsequently entered on December 14th, 2007 (See Docket Entry #1(A)).



RECEIVED
JUL 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.  Defendant Federal Bureau of Prisons was served by the Plaintiff with summons and complaint via certified mail (Pursuant to Fed.R.Civ.P. 4(i)(2)) on December 26th, 2007, with answer due on February 25th, 2008 (See Docket Entry #4).

4.  The U.S. Attorney for the District of Columbia was served by the Plaintiff with summons and complaint via certified mail (Pursuant to Fed.R.Civ.P. 4(i)(1)(A)(ii) and (2)) on January 2nd, 2008, with answer due on March 3rd, 2008 (See Docket Entry #5).

5.  The Attorney General of the United States was served by the Plaintiff with summons and complaint via certified mail (Pursuant to Fed.R.Civ.P. 4(i)(1)(B)) on January 2nd, 2008 (See Docket Entry #4).

6.  Affidavit of Plaintiff proving service of summons and complaint (Pursuant to Fed.R.Civ.P. 4(l)(1)) was filed on December 26th, 2007, and subsequently entered on December 28th, 2007 (See Docket Entry #2).

7.  Although not required by Fed.R.Civ.P. 4, certified mail return receipt cards showing the date of service and the signatures of the served parties were filed in the record on March 3rd, 2008, and subsequently entered on March 4th, 2008 (See Docket Entry #4 and #5).

8.  Defendant Federal Bureau of Prisons failed to plead or otherwise defend against the complaint of the Plaintiff.

9. Plaintiff filed a request for entry of default on May 1st, 2008, for the Defendant's failure to plead or otherwise defend against the complaint of the Plaintiff (See Docket Entry #6).

10. The Clerk of this Court entered default against Defendant Federal Bureau of Prisons on June 12th, 2008 (See Docket Entry #7).

11. On June 13th, 2008, the U.S. Attorney for the District of Columbia filed a motion, in behalf of Defendant Federal Bureau of Prisons, to set aside entry of default and for an enlargement of time to file response to Plaintiff's complaint (See Docket Entry #8).

12. The U.S. Attorney for the District of Columbia is alleging that the Defendant should be excused for failure to plead or otherwise defend against the complaint of the Plaintiff because the U.S. Attorney's office itself never received service.

13. Plaintiff strenuously objects to this motion.

14. Plaintiff sent the summons and complaint to the civil-process clerk at the U.S. Attorney's office at the address provided by the Clerk of this Court, who stamped it on the face of the summons itself (See Exhibit 1).

15. Certainly, the Clerk of this Court would not have provided Plaintiff with a false address for the U.S. Attorney for the District of Columbia, an entity that the Clerk deals with on a daily basis.

16. Service was perfected (Pursuant to Fed.R.Civ.P. 4(i)(1)(A)(ii) and (2)) on January 2nd, 2008, when the summons and complaint was accepted and signed for by someone named Parker at the U.S. Attorney's office for the District of Columbia (See Exhibit 2).

17. Presently, the U.S. Attorney for the District of Columbia has induced someone named Cynthia R. Parker to file a declaration with this Court contending that she is not the Parker who received service-of-process in this case, and its internal summons and complaint book does not reflect the fact that service-of-process had been perfected.

18. Plaintiff is unable to compare the signatures of the two Parkers because the motion and supporting declaration of the U.S. Attorney for the District of Columbia was electronically filed and is therefore without signature(s).

19. However, even if Ms. Parker's declaration is truthful, it does not mitigate the fact that Defendant Federal Bureau of Prisons was validly served.

20. Clearly, the Defendant has a responsibility to consult with its counsel, the U.S. Attorney for the District of Columbia, in order to prepare an effective response to the Plaintiff's complaint.

21. Furthermore, the U.S. Attorney for the District of Columbia would have been unable to respond to the Plaintiff's complaint without documentary and didactic input from Defendant Federal Bureau of Prisons.

22. The Defendant itself has shirked its obligation to ensure that its counsel is prepared to competently respond to the Plaintiff's complaint.

23. And now, because of the fellowship that exists between these two agencies of the Justice Department, the U.S. Attorney for the District of Columbia is putting itself "out on a limb" by suggesting to this Court that Defendant Federal Bureau of Prisons should be excused for its failure to plead or otherwise defend against the complaint of the Plaintiff because the U.S. Attorney itself mysteriously never received service.

24. This Court should not tolerate such chicanery.

25. The Plaintiff perfected service on Defendant Federal Bureau of Prisons, the U.S. Attorney for the District of Columbia, and the Attorney General of the United States by abiding by the letter of the law.

26. The Defendant should not be excused for its failure to do the same.

**WHEREFORE,** based on the grounds and facts stated herein, Plaintiff objects to DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT. Defendant's motion should hereby be DENIED.

Respectfully submitted,

*[signature: Michael James Klopf]*

MICHAEL JAMES KLOPF, pro se
Register No. 26218-004
Federal Medical Center
P.O. Box 14500
Lexington KY 40512

DATED: July 1st, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT was **mailed** to counsel for the Defendant: JUDITH A. KIDWELL, Assistant U.S. Attorney, Civil Division, 555 Fourth Street, N.W., Room E4905, Washington, D.C., 20001, on this **1st** day of **July, 2008**, by depositing in the institutional mailbox at the Federal Medical Center in Lexington, Kentucky.

*Michael James Klopf*
MICHAEL JAMES KLOPF, pro se

EXHIBIT 1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

MICHAEL J. KLOPF

V.

BUREAU OF PRISONS

SUMMONS IN A CIVIL CASE

Case: 1:07-cv-02246
Assigned To : Lamberth, Royce C.
Assign. Date : 12/13/2007
Description: Pro Se General Civil

TO: (Name and address of Defendant)

U.S. ATTORNEY
501 3RD. ST. N.W.
WASHINGTON, D.C. 20001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF' PRO SE (name and address)

MICHAEL J. KLOPF
# 26218-004
F.C.I.
POST OFFICE BOX 1000
LORETTO, PA. 15940

an answer to the complaint which is served on you with this summons, within ____60____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                    DEC 13 2007
CLERK                                       DATE

(DEPUTY CLERK signature)

EXHIBIT 2
---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Emut_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery<br>JAN 0 2 2008 |
| 1. Article Addressed to:<br><br>Civil-Process Clerk<br>U.S. Attorney's Office<br>District of Columbia<br>501 3rd Street, N.W.<br>Washington, D.C.   20001 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 0710 0004 8878 5545 |
| PS Form 3811, February 2004 | Domestic Return Receipt    102595-02-M-1540 |