UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JAMES KLOPF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil Action No. 07-2246 (RCL) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S MOTION TO TRANSFER VENUE
### TO THE EASTERN DISTRICT OF KENTUCKY

Defendant, Federal Bureau of Prisons, by and through undersigned counsel, hereby moves this Court to transfer this action to the Eastern District of Kentucky pursuant to 28 U.S.C. §1404(a). The Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support of Defendant's motion and the Declaration of Renee Brinker Fornshill, Assistant General Counsel, Federal Bureau of Prisons. A proposed Order is attached hereto.

Because Plaintiff is incarcerated, Defendant has not sought Plaintiff's consent before filing this motion. *See* LCvR 7(m).

Respectfully submitted,

/s/
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
JUDITH A KIDWELL
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4905
Washington, D.C.  20530
(202) 514-7250

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY, that copies of the foregoing Motion to Transfer Venue to the Eastern District of Kentucky, Memorandum of Points and Authorities in Support, Exhibits, and proposed Order were sent to Plaintiff *pro se*, by mail, postage prepaid, on this 19th day of August, addressed as follows:

Michael James Klopf
R# 26218-004
Federal Medical Center
Inmate Mail/Parcels
P.O. Box 14500
Lexington, Kentucky 40512

                                                              /s/
                                              JUDITH A. KIDWELL
                                              ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JAMES KLOPF )<br>)<br>          **Plaintiff,** )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>          **Defendant.** )<br>_____) | Civil Action No. 07-2246 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE
EASTERN DISTRICT OF KENTUCKY**

**I. INTRODUCTION**

Plaintiff filed this action on December 13, 2007, challenging a decision by the Federal Bureau of Prisons ("BOP"), regarding his medical treatment. Plaintiff alleges that in making this decision, BOP violated his constitutional rights under the Eighth Amendment to the U.S. Constitution by failing to provide him adequate medical care for the treatment of Hepatitis C. *See* Complaint at 6-8.

Plaintiff seeks declaratory and injunctive relief that would declare that the BOP violated Plaintiff's constitutional rights and force the BOP to provide him with the specific medical care that he has requested. *See* Complaint, Relief Requested ¶¶ 1, 2. Plaintiff also requests reimbursement for his costs.[1] Complaint, Relief Requested ¶ 2.

---

[1] Plaintiff is not seeking monetary damages and in any event, there has been no waiver of sovereign immunity for constitutional claims for money damages against the United States. *Taylor v. FDIC*, 132 F.3d 753, 768 (D.C. Cir. 1997) (holding that "no cause of action for damages for constitutional violations . . . is to be implied against government agencies."); *Komongnan v. United States Marshals Serv.*, 471 F. Supp.2d 1, 4 (D.D.C. 2006) (same). Moreover, although Plaintiff's action somewhat sounds in tort, he has failed to name any individual defendant who might have evidenced deliberate indifference to his current medical

However, the Eastern District of Kentucky is the proper venue for this action because Plaintiff resides in Lexington, Kentucky,[2] where he is currently incarcerated, his medical records are in Lexington, Kentucky, and his medical care is being provided in Lexington, Kentucky. *See* Defendant's Exhibit A, Declaration of Renee Brinker Fornshill ("Fornshill Decl.") ¶ 4. Therefore, this action should be transferred to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a).

## II. STATEMENT OF FACTS

Plaintiff, an inmate named Michael James Klopf, Register Number 26218-004, is incarcerated at the Federal Medical Center in Lexington, Kentucky.[3]  *See* Fornshill Decl. ¶¶ 3, 4. However, according to the complaint, Plaintiff's allegations began while he was housed at the Federal Medical Center at Rochester, Minnesota. *See* Complaint ¶¶ 8, 11, 12, 13, 35-51. A review of the administrative claims filed by Plaintiff shows that BOP officials received and responded to all of Plaintiff's complaints concerning his medical treatment. *See* Complaint

---

condition, and thus, he has failed to allege a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 397 (1971). Plaintiff's claims appear to be brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(B). Nevertheless, Defendant reserves all defenses, including, but not limited to, failure to state a claim upon which relief can be granted, improper venue, statute of limitations, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, qualified immunity, failure to join a party under Rule 19, lack of standing, *res judicata*, collateral estoppel, and sovereign immunity.

[2] The judicial district for Lexington, Kentucky is the Eastern District of Kentucky.

[3] At the time of filing his complaint, Plaintiff was incarcerated in Pennsylvania. *See* Complaint ¶ 1.

2

Attachments A, B, & C.[4]

# ARGUMENT

## III. PLAINTIFF'S ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF KENTUCKY

Venue for an action pursuant to the APA is governed by 28 U.S.C. § 1391(e), which provides that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,[5] or (3) the plaintiff resides . . . [6]

For purposes of venue, Plaintiff resides in Lexington, Kentucky, where he is incarcerated. *See* Fornshill Decl. ¶ 4; *Starnes v. McGuire*, 512 F.2d 918, 925 n. 7 (D.C. Cir. 1974) (*en banc*). Although a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Minnesota and Pennsylvania, his medical records are located in Kentucky, and any treatment that he receives in the future will be administered in Kentucky. *See* Fornshill Decl. ¶ 4. The appropriate forum for his action is, therefore, in the Eastern District of Kentucky. *See Starnes v. McGuire*, 512 F.2d at 926 ("Many, if indeed most, petitions filed by prisoners not confined in the

---

[4] Plaintiff's complaints were thoroughly reviewed by the BOP at all three levels of review (Warden, Regional Director, and National), and he was provided detailed responses to his medical questions. *Id*.

[5] According to Plaintiff's complaint, his claims arose in Minnesota and Pennsylvania, so venue would not be proper in the District of Columbia on that basis. *See* Complaint ¶¶ 8, 11, 56.

[6] Defendant acknowledges that it is headquartered in the District of Columbia. *See Shorter v. Lappin*, 2006 WL 752932, at 3 (D.D.C. March 21, 2006).

District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate.").

A district court may transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). The action by a district court to transfer a case to another district is discretionary and involves a "factually analytical, case-by-case determination of convenience and fairness." *SEC v. Savoy Industries*, 587 F.2d 1149, 1154 (D.C. Cir.1978), *cert. denied*, 440 U.S. 913 (1979).

The Court in *Starnes* identified several factors to be considered in deciding, pursuant to 28 U.S.C. § 1404(a), whether to transfer a case brought by a prisoner incarcerated outside the District of Columbia, including the difficulty of transferring a prisoner for court proceedings, the availability of relevant witnesses and files, the speed of final resolution, and whether a national policy was at issue in a case. *See Starnes v. McGuire*, 512 F.2d at 930-31.

Here, the difficulty of transferring Plaintiff for any necessary proceedings in the litigation is considerable.[7] The burdens and dangers involved in transporting a prisoner across long distances are significant to the BOP, and such burdens and safety issues will normally justify transfer of a case to the judicial district where a plaintiff is incarcerated. *See Starnes v. McGuire*, 512 F.2d at 931; *see also Huskey v. Quinlan*, 785 F. Supp 4, 7 (D.D.C. 1992) (noting that due to the difficulty of transferring a prisoner, compared to the relative ease with which

---

[7] Although decisions of cases brought pursuant to the APA are generally made on the record, in the event that Plaintiff's presence in Court was required, Plaintiff would have to be transferred approximately 535 miles from Lexington, Kentucky to the District of Columbia. *See* Defendant's Exhibit B.

4

federal officials can travel to give evidence, it is often appropriate to transfer a case in which the prisoner's testimony may be needed to the district where plaintiff is incarcerated).[8]

Moreover, the availability of witnesses and files in this case are significant. The relevant medical records and potential witnesses,[9] are located in the Eastern District of Kentucky.[10] *See* Fornshill Decl. ¶ 4; *Bryant v. Carlson*, 652 F. Supp. 1286, 1289 (D.D.C. 1987) (transferring inmate's claim for injunctive relief to the district where plaintiff and his medical records were located and where the relief, if any, also would be provided).

What is more, the speed of final resolution in this case, in light of Plaintiff's allegations that this is a matter of life and death, is of utmost importance. *See* Complaint, Relief Requested ¶ 3; *see also Starnes v. McGuire,* 512 F.2d at 932. In *Starnes,* the Court noted that while relieving mere docket congestion is not a sufficiently compelling reason for transfer, providing a forum that will allow for an expeditious resolution to a case is certainly an appropriate factor to consider in making the decision whether or not to transfer venue. *Starnes v. McGuire,* 512 F.2d 932. In this case, Plaintiffs' complaint alleges claims pertaining to his medical treatment for Hepatitis. In the event that any monitoring of his treatment is ordered, the forum where he is incarcerated will also be far more efficient. *See* Complaint, Relief Requested ¶ 3; Fornshill Decl. ¶ 4.

---

[8] Because of Plaintiff's illness, transfer over this distance might well endanger his life.

[9] Particularly any individuals who are currently treating Plaintiff.

[10] It will also be easier for Plaintiff's primary care physician in Rochester, Minnesota, Dr. Ronald Ilvedson, who Plaintiff identifies as an employee of BOP, to travel to Kentucky for any necessary testimony. *See* Complaint ¶¶ 11, 12, 36, 37, 38, 42, 44, 47, 48, 49, 50, 56.

Finally, this case does not involve issues of national policy that require the testimony of high-level administrators located in Washington, D.C. Nevertheless, even if a national policy issue was identified in this case, venue would be more appropriate in the district where the policy was implemented. *See Huskey v. Quinlan*, 785 F.Supp. at 4, 7*;Starnes v. McGuire,* 512 F.2d at 929 ("[T]here is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia."). Accordingly, this case should be transferred to the Eastern District of Kentucky.

## Conclusion

Plaintiff's complaint fails to state any compelling reason for bringing, or maintaining, this suit in this judicial district and for the foregoing reasons, this case should be transferred to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

6

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL JAMES KLOPF,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 07-2246 (RCL) |
| **FEDERAL BUREAU OF PRISONS,** | ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

UPON CONSIDERATION OF Defendant's motion to transfer this case to the Eastern District of Kentucky, any opposition thereto, and the entire record, it is this _____ day of _____, 2008,

**ORDERED**, that Defendant's motion is GRANTED; and it is

**FURTHER ORDERED**, that this case is transferred to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a).

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel by ECF

Michael James Klopf
R26218-004
Lexington Federal Medical Center
Inmate Mail/Parcels
P.O. Box 14500
Lexington, Kentucky 40512

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL JAMES KLOPF )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 07-2246 (RCL)
 )
FEDERAL BUREAU OF PRISONS, )
 )
    Defendant. )

### DECLARATION OF RENEE BRINKER FORNSHILL

I, Renée Brinker Fornshill, hereby declare and state the following:

1. I am an attorney for the Federal Bureau of Prisons in Washington, D.C. I have been employed as an attorney with the Office of General Counsel since August 1995.

2. As Assistant General Counsel, I have access to files and records maintained regarding the inmate population.

3. I have caused a search to be conducted of the Bureau of Prisons' SENTRY System for records regarding records regarding plaintiff, Michael J. Klopf, Reg. No. 26218-004.

4. Plaintiff is currently incarcerated in Federal Medical Center in Lexington, Kentucky. All plaintiff's medical records are in Kentucky, and plaintiff's current medical treatment is in Kentucky.

I declare under the penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my information, knowledge and belief.

                                                           /s/ Renée Brinker Fornshill
                                                           Renée Brinker Fornshill
                                                           Assistant General Counsel
                                                          Office of General Counsel
                                                          Federal Bureau of Prisons

```
BOPO1              *           PUBLIC INFORMATION          *     07-01-2008
PAGE 001           *              INMATE DATA              *     15:13:31
                              AS OF 07-01-2008

REGNO..: 26218-004  NAME: KLOPF, MICHAEL JAMES

                    RESP OF: LEX / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 859-255-6812   FAX: 859-253-8821
                                            RACE/SEX...: WHITE / MALE
                                            AGE: 48
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: 08-29-2005
PROJ REL DT: 07-05-2018                      PAR HEAR DT: N/A
------------------------------ ADMIT/RELEASE HISTORY ------------------------------
FCL     ASSIGNMENT  DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
LEX     A-DES       DESIGNATED, AT ASSIGNED FACIL 01-11-2008 1656 CURRENT
A01     RELEASE     RELEASED FROM IN-TRANSIT FACL 01-11-2008 1656 01-11-2008 1656
A01     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-11-2008 1045 01-11-2008 1656
OKL     HLD REMOVE  HOLDOVER REMOVED             01-11-2008 0945 01-11-2008 0945
OKL     A-BOP HLD   HOLDOVER FOR INST TO INST TRF 01-07-2008 1925 01-11-2008 0945
A01     RELEASE     RELEASED FROM IN-TRANSIT FACL 01-07-2008 1925 01-07-2008 1925
A01     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-07-2008 0901 01-07-2008 1925
LEW     HLD REMOVE  HOLDOVER REMOVED             01-07-2008 0901 01-07-2008 0901
LEW     A-BOP HLD   HOLDOVER FOR INST TO INST TRF 12-28-2007 1246 01-07-2008 0901
B01     RELEASE     RELEASED FROM IN-TRANSIT FACL 12-28-2007 1246 12-28-2007 1246
B01     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 12-28-2007 0925 12-28-2007 1246
LOR     TRANSFER    TRANSFER                     12-28-2007 0925 12-28-2007 0925
LOR     A-DES       DESIGNATED, AT ASSIGNED FACIL 01-19-2007 1240 12-28-2007 0925
B24     RELEASE     RELEASED FROM IN-TRANSIT FACL 01-19-2007 1240 01-19-2007 1240
B24     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-19-2007 0625 01-19-2007 1240
LEW     HLD REMOVE  HOLDOVER REMOVED             01-19-2007 0625 01-19-2007 0625
LEW     A-HLD       HOLDOVER, TEMPORARILY HOUSED 01-11-2007 1426 01-19-2007 0625
B24     RELEASE     RELEASED FROM IN-TRANSIT FACL 01-11-2007 1426 01-11-2007 1426
B24     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-11-2007 0422 01-11-2007 1426
PEM     HLD REMOVE  HOLDOVER REMOVED             01-11-2007 0422 01-11-2007 0422
PEM     A-HLD       HOLDOVER, TEMPORARILY HOUSED 01-09-2007 1522 01-11-2007 0422
B09     RELEASE     RELEASED FROM IN-TRANSIT FACL 01-09-2007 1522 01-09-2007 1522
B09     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-09-2007 0527 01-09-2007 1522
ATL     HLD REMOVE  HOLDOVER REMOVED             01-09-2007 0527 01-09-2007 0527
ATL     A-HLD       HOLDOVER, TEMPORARILY HOUSED 01-04-2007 2038 01-09-2007 0527
A01     RELEASE     RELEASED FROM IN-TRANSIT FACL 01-04-2007 2038 01-04-2007 2038
A01     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-04-2007 1447 01-04-2007 2038
MIM     HLD REMOVE  HOLDOVER REMOVED             01-04-2007 1447 01-04-2007 1447
MIM     A-HLD       HOLDOVER, TEMPORARILY HOUSED 08-22-2006 1648 01-04-2007 1447
A01     RELEASE     RELEASED FROM IN-TRANSIT FACL 08-22-2006 1648 08-22-2006 1648
A01     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-22-2006 1008 08-22-2006 1648
OKL     HLD REMOVE  HOLDOVER REMOVED             08-22-2006 0908 08-22-2006 0908
OKL     A-HLD       HOLDOVER, TEMPORARILY HOUSED 08-21-2006 1740 08-22-2006 0908
A01     RELEASE     RELEASED FROM IN-TRANSIT FACL 08-21-2006 1840 08-21-2006 1840
A01     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-21-2006 0810 08-21-2006 1840
LEW     HLD REMOVE  HOLDOVER REMOVED             08-21-2006 0810 08-21-2006 0810



G0002       MORE PAGES TO FOLLOW . . .
```

| | | |
|---|---|---|
| 16: | Merge onto GEORGE WASHINGTON MEMORIAL PKWY S. | 8.7 mi |
| 17: | Merge onto I-66 E toward WASHINGTON (Crossing into DISTRICT OF COLUMBIA). | 0.9 mi |
| 18: | Keep RIGHT at the fork to go on US-50 E. | 1.0 mi |
| 19: | End at Washington, DC | |

Estimated Time: 8.0 hours 31 minutes     Estimated Distance: 535.93 miles

**B: Washington, DC**

**Total Time: 8.0 hours 31 minutes     Total Distance: 535.93 miles**

Get MapQuest directions and FREE 411 by calling **1-800-FREE411 (1-800-373-3411)**.



All rights reserved. Use subject to License/Copyright  Map Legend
Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for